IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00245-RM-MJW

WESTROC TRUCKING, INC., and
WESTROC OILFIELD SERVICES, INC.,

Plaintiffs,

v.

FRONTIER DRILLING, LLC,

Defendant.

## MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

It is hereby ORDERED that Frontier Drilling, LLC's Motion for Leave to Amend Counterclaims (Docket No. 49) is GRANTED, and the proposed First Amended Answer, Affirmative Defenses, and Counterclaims (Docket No. 49-2) is ACCEPTED FOR FILING, for the following reasons.

Federal Rule of Civil Procedure 15 governs the amendment of pleadings. Because the period for amending as of right has passed, Defendant must seek the court's leave to file an amended pleading. Fed.R.Civ.P. 15(a). Pursuant to Rule 15, "[t]he court should freely give leave when justice so requires." *Id.* at 15(a)(2). "The purpose of the Rule is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" *Minter v. Prime Equip. Co.,* 451 F.3d 1196, 1204 (10th Cir. 2006). Thus:

> "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'"

*Id.* (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)).

Plaintiff offers only one reason why leave should not be granted. Plaintiff argues that Defendant's amendment is futile because Plaintiff is right about the underlying dispute in this case (*i.e.*, because it has a valid lien on the purportedly converted

property).  This, of course, does not come close to establishing futility, because the validity of Plaintiff's lien is in dispute.  The motion is granted.

Date: July 21, 2015